UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REBECCA ANN SIEGRIST, | ) |
| Plaintiff, | ) No. CV-10-103-CI |
| | ) |
| v. | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, | ) AND REMANDING FOR ADDITIONAL |
| Commissioner of Social | ) PROCEEDINGS PURSUANT TO |
| Security, | ) SENTENCE FOUR 42 U.S.C. § |
| | ) 405(g) |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 19, 21.)  Attorney Donald C. Bell represents Rebecca Siegrist (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge. (ECF No. 8.)  After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on March 19, 2007. (Tr. 125-127, 121-123.)  She alleged disability due to depression, anxiety, panic disorder, Attention Deficit Disorder (ADD) and migraines.  (Tr. 141.)  Her claim was denied initially and on reconsideration. (Tr. 83-84, 85-86.) Plaintiff requested a hearing

1  before an administrative law judge (ALJ), which was held via video

2  on September 22, 2009, before ALJ Laura Valente.   (Tr.  20.)

3  Plaintiff, who was represented by counsel, medical expert Ronald

4  Klein, Ph.D., and vocational expert Daniel McKinney testified. (Tr.

5  28-73.)   The ALJ denied benefits on December 1, 2009, and the

6  Appeals Council denied review.   (Tr. 10-20, 1-3.)   The instant

7  matter is before this court pursuant to 42 U.S.C. § 405(g).

8                       **STATEMENT OF THE CASE**

9      The facts of the case are set forth in detail in the transcript

10 of proceedings and are briefly summarized here.  At the time of the

11 hearing, Plaintiff was 46 years old with a high-school degree and

12 special education through the 8th grade.  (Tr. 149, 51.)  Plaintiff

13 has past work experience as a caregiver, fast food worker and in

14 housekeeping. (Tr. 142.)  Plaintiff testified she lives by herself.

15 (Tr. 49.)  Plaintiff testified she is unable to work due to back and

16 neck pain and muscle spasms, migraine headaches, carpal tunnel

17 syndrome, panic attacks, depression, phobia around a lot of people,

18 insomnia,  and   tremors.   (Tr.  52-57.)   Plaintiff  testified  she

19 completed  drug  treatment  in  2008,  graduating  from  inpatient

20 treatment in September 2008 and from outpatient treatment in January

21 2009.  (Tr. 63-64.)  Since treatment, Plaintiff reports she has not

22 used methamphetamines, but admits to using marijuana three times.

23 (Tr. 64.)

24                        **STANDARD OF REVIEW**

25     In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

26 court set out the standard of review:

27         A district court's order upholding the Commissioner's
           denial of benefits is reviewed *de novo*. *Harman v. Apfel*,

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 2

1    211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the
      Commissioner may be reversed only if it is not supported
2    by substantial evidence or if it is based on legal error.
      *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
3    Substantial evidence is defined as being more than a mere
      scintilla, but less than a preponderance. *Id.* at 1098.
4    Put another way, substantial evidence is such relevant
      evidence as a reasonable mind might accept as adequate to
5    support a conclusion. *Richardson v. Perales*, 402 U.S.
      389, 401 (1971). If the evidence is susceptible to more
6    than one rational interpretation, the court may not
      substitute its judgment for that of the Commissioner.
7    *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
      Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

8
          The ALJ is responsible for determining credibility,
9    resolving conflicts in medical testimony, and resolving
      ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
10   Cir. 1995). The ALJ's determinations of law are reviewed
      *de novo*, although deference is owed to a reasonable
11   construction of the applicable statutes. *McNatt v. Apfel*,
      201 F.3d 1084, 1087 (9th Cir. 2000).

12

13       It is the role of the trier of fact, not this court, to resolve

14   conflicts in evidence. *Richardson,* 402 U.S. at 400.   If evidence

15   supports more than one rational interpretation, the court may not

16   substitute its judgment for that of the Commissioner.   *Tackett*, 180

17   F.3d at 1097;   *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

18   Nevertheless, a decision supported by substantial evidence will

19   still be set aside if the proper legal standards were not applied in

20   weighing the evidence and making the decision. *Brawner v. Secretary

21   of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If

22   there  is  substantial  evidence  to  support  the  administrative

23   findings, or if there is conflicting evidence that will support a

24   finding of either disability or non-disability, the finding of the

25   Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–

26   1230 (9th Cir. 1987).

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 3

1                    **SEQUENTIAL EVALUATION PROCESS**

2          Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

3    requirements necessary to establish disability:

4                Under the Social Security Act, individuals who are
     "under a disability" are eligible to receive benefits. 42
5    U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
     medically determinable physical or mental impairment"
6    which prevents one from engaging "in any substantial
     gainful activity" and is expected to result in death or
7    last "for a continuous period of not less than 12 months."
     42 U.S.C. § 423(d)(1)(A). Such an impairment must result
8    from "anatomical, physiological, or psychological
     abnormalities which are demonstrable by medically
9    acceptable clinical and laboratory diagnostic techniques."
     42 U.S.C. § 423(d)(3). The Act also provides that a
10   claimant will be eligible for benefits only if his
     impairments "are of such severity that he is not only
11   unable to do his previous work but cannot, considering his
     age, education and work experience, engage in any other
12   kind of substantial gainful work which exists in the
     national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus,
13   the definition of disability consists of both medical and
     vocational components.

14

15        The Commissioner has established a five-step sequential

16   evaluation process for determining whether a person is disabled.  20

17   C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S.

18   137, 140-42 (1987).  In steps one through four, the burden of proof

19   rests upon the claimant to establish a prima facie case of

20   entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d

21   920, 921 (9th Cir. 1971). "This requires the presentation of

22   'complete and detailed objective medical reports of her condition

23   from licensed medical professionals.'" *Meanel v. Apfel,* 172 F.3d

24   1111, 1113 (9th Cir. 1999).

25        At step one, the ALJ examines whether the claimant is engaged

26   in substantial gainful employment activity.    20 C.F.R. §§

27   404.1520(a)(4)(I), 416.920(a)(4)(I).  At step two, the ALJ assesses

28
     ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
     AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
     SENTENCE FOUR 42 U.S.C. § 405(g) - 4

whether the claimant has a medically severe impairment or combination of impairments that significantly limits his ability to do basic work activities.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment is not severe if it is merely "a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect of the ability to do basic work activities.  *Social Security Ruling* (*SSR*) 96-3p.[1]  If the ALJ finds that the claimant lacks a medically severe impairment, the ALJ must find the claimant not to be disabled.  However, if the ALJ concludes that the claimant does not have a medically severe impairment, the ALJ proceeds to the next steps in the sequence.

Steps three through five require the ALJ to evaluate whether the claimant's impairment satisfies certain statutory requirements entitling her to a disability finding.   20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment does not, the ALJ must assess whether the claimant remains capable of doing her prior work or engaging in alternative employment.   20 C.F.R. §§ 404.1520(a)(4)(iv)-(v), 416.920(a)(4)(iv)-(v).

---

[1] Social Security Rulings are issued to clarify the Commissioner's regulations and policy.  They are not published in the federal register and do not have the force of law.  However, under the case law, deference is to be given to the Commissioner's interpretation of the Regulations.  *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991).  The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 5

1    Where drug or alcohol abuse (DAA) is a consideration during the

2 sequential    evaluation,    the    Regulations    implemented    by    the

3 Commissioner require the ALJ to follow a specific two-step analysis.

4 20 C.F.R. §§ 404.1535(a), 416.935(a).  First, the ALJ must conduct

5 the five-step inquiry without attempting to determine the impact of

6 DAA.  If the ALJ finds that the claimant is not disabled under the

7 five-step inquiry, the claimant is not entitled to benefits and

8 there is no need to proceed with further analysis.  Id.  If the ALJ

9 finds that claimant is disabled, and there is evidence of substance

10 abuse, the ALJ should proceed under the sequential evaluation and §§

11 404.1535 or 416.935 to determine if the claimant would still be

12 disabled absent the substance abuse.  *Bustamante v. Massanari*, 262

13 F.3d 949, 955 (9th Cir. 2001).  Plaintiff still has the burden of

14 proving her substance abuse is not a contributing factor material to

15 the disability finding.  *Ball v. Massanari*, 254 F.3d 817, 821 (9th

16 Cir. 2001).

17                      **ADMINISTRATIVE DECISION**

18    ALJ Valente found Plaintiff remained insured for DIB purposes

19 through December 31, 2010.  (Tr. 12, Finding 1.)  At step one, the

20 ALJ found Plaintiff had not engaged in substantial gainful activity

21 since November 1, 2005, the alleged onset date.  (*Id.*, Finding 2.)

22 At    step    two,    she    found    Plaintiff    "has    the    following    severe

23 combination    of    impairments:     major    depressive    disorder;

24 methamphetamine abuse; and marijuana abuse."  (Tr. 13, Finding 3.)

25 ALJ    Valente    also    found    Plaintiff's    other    diagnosed    conditions

26 including attention deficit hyperactivity disorder (ADHD), post

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 6

1 traumatic stress disorder (PTSD), and panic disorder were "either

2 non-medically determinable or non-severe." (Tr. 14.)

3      At step three, the ALJ found "The claimant's impairments, in

4 combination, meet sections 12.04 and 12.09 of 20 C.F.R. Part 404,

5 Subpart P, Appendix 1." (Tr. 16, Finding 4.) Considering the

6 evidence without the effects of substance abuse at step two, the ALJ

7 found, "[i]f claimant stopped the substance use, the remaining

8 limitations would not cause more than a minimal impact on the

9 claimant's ability to perform basic work activities; therefore, the

10 claimant would not have a severe impairment or combination of

11 impairments." (Tr. 16, Finding 5.) Finally, the ALJ concluded,

> Because the claimant would not be disabled if she stopped
> the substance use, . . . the claimant's substance use
> disorders is [sic] a contributing factor material to the
> determination of disability. . . .   Thus, the claimant
> has not been disabled within the meaning of the Social
> Security Act at any time from the alleged onset date
> through the date of this decision.

16 (Tr. 19, Finding 6.)

17                              **ISSUES**

18      The question presented is whether there was substantial

19 evidence to support the ALJ's decision denying benefits and, if so,

20 whether that decision was based on proper legal standards.

21 Plaintiff contends the ALJ erred (1) when she found Plaintiff had no

22 severe impairment or combination of impairments at step two of the

23 sequential evaluation process (ECF No. 20 at 4-5), and (2) when she

24 relied on the opinion of medical expert Dr. Klein to reject all

25 other opinions. (ECF No. 20 at 4-5, 6.) Defendant contends the

26 ALJ's decision is supported by substantial evidence and free of

27 legal error. (ECF No. 22 at 8.)

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 7

1                           **DISCUSSION**

2   **A.    Step Two without Drug and Alcohol Abuse (DAA)**

3        At step two, the ALJ must consider the combined effect of a

4   claimant's impairments, severe and non-severe, on a claimant's work

5   ability, without regard to whether each alone is sufficiently

6   severe.   *See* 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523,

7   416.923.   An impairment or combination of impairments may be found

8   "not severe only if the evidence establishes a slight abnormality

9   that has no more than a minimal effect on an individual's ability to

10  work."   *Smolen v. Chater*, 80 F.3d 1273, 1290 (internal quotation

11  marks omitted); *see Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.

12  1988).   The Commissioner has stated that "[i]f an adjudicator is

13  unable to determine clearly the effect of an impairment or

14  combination of impairments on the individual's ability to do basic

15  work activities, the sequential evaluation should not end with the

16  not severe evaluation step."   *SSR* 85-28.   As the court in *Webb v.*

17  *Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005), explains:

18          Step two, then, is a de minimis screening device [used] to
            dispose of groundless claims, and an ALJ may find that a
19          claimant lacks a medically [determinable] severe
            impairment or combination of impairments only when his
20          conclusion is clearly established by medical evidence.
            Thus, applying our normal standard of review to the
21          requirements of step two, we must determine whether the
            ALJ had substantial evidence to find that the medical
22          evidence clearly established that [Plaintiff] did not have
            a medically severe impairment or combination of
23          impairments.

24  (Internal citations and quotation marks omitted.)

25       Plaintiff argues the evidence does not support the ALJ's

26  finding she had no severe impairments at step two without DAA.   (ECF

27  No. 20 at 5-6.)   Defendant argues the ALJ's step two finding should

28
    ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
    AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
    SENTENCE FOUR 42 U.S.C. § 405(g) - 8

1  be affirmed.  (ECF No. 22 at 16.)  The records show Plaintiff has
2  been diagnosed with migraines and carpal tunnel syndrome.  Non-
3  examining physician Norman Staley, M.D., confirmed these diagnoses
4  in his 2007 Physical Residual Capacity Assessment.  (Tr. 530-537.)
5  Throughout the relevant period, Plaintiff has received treatment for
6  these impairments from her treating provider, Andrea Hoey, ARNP (Tr.
7  382, 495, 708) and from neurologist, Craig M. Garver, M.D. (Tr. 519-
8  520).  Further, the record shows Plaintiff has made consistent
9  complaints of pain and other symptoms related to these physical
10  impairments to her providers at Columbia Valley Community Health
11  including Ms. Hoey (Tr. 324, 380, 387, 495, 498, 504, 664, 706);
12  Brady Hamilton, PAC (Tr., 415); Derek Whitehall, PAC (Tr. 692); and
13  Aura Tinsley, PAC (Tr. 695).

14      The record also shows Plaintiff has been diagnosed with mental
15  impairments throughout the relevant time including major depressive
16  disorder, attention deficit hyperactivity disorder (ADHD), post-
17  traumatic stress disorder (PTSD), generalized anxiety disorder (GAD)
18  and panic disorder without agoraphobia.  In his April 2007
19  assessment, examining psychologist Thomas Rowe, Ph.D., provided
20  provisional diagnoses including PTSD; major depressive disorder,
21  recurrent, moderate; panic disorder without agoraphobia; and
22  borderline intellectual functioning.  (Tr. 430.)  In his May 2007
23  Residual Mental Functional Capacity Assessment, non-reviewing
24  psychologist James Bailey, Ph.D., found Plaintiff had these
25  medically determinable impairments: depression-dysthymic and
26  generalized anxiety disorder.  (Tr. 441-449.)  In her December 2008
27  treatment notes, Marie Desire, M.D., lists these diagnoses: PTSD,

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 9

1  chronic; GAD; and history of depression.  (Tr. 590.)   In his

2  September 2009 psychiatric evaluation, examining psychiatrist James

3  Goodwin, Psy.D., diagnosed Plaintiff with major depressive disorder

4  and ADHD.  (Tr. 767.)   Plaintiff has also received treatment for

5  these impairments from various providers including Ms. Hoey (Tr.

6  674), Dr. Desire, M.D. (Tr. 590), Jan Davis Morgan, ARNP (Tr. 711,

7  722, 733, 747) Michelle Crow, MA, LMHC (Tr. 716) and Dana Wolf, MS,

8  LMHC (Tr. 760).   Plaintiff has made symptom complaints to her

9  providers including Ms. Hoey (Tr. 706-708), Ms. Morgan (Tr. 735,

10  742, 756, 758), and Shawn DeLancy, BA/RC (Tr. 755).

11      Plaintiff met her burden to show the existence of both physical

12  and mental impairments which reflect more than a slight abnormality.

13  *See Smolen*, 80 F.3d at 1290; *Webb*, 433 F.3d at 687.   While Plaintiff

14  has received no mental health testing after DAA, the record includes

15  continuing treatment for impairments which are enough to pass the *de*

16  *minimis* requirement of step two.   Because the evidence does not

17  clearly show Plaintiff's impairments are non-severe without DAA and

18  the ALJ does not appear to evaluate whether Plaintiff's impairments

19  in combination are more than a slight abnormality, 20 C.F.R. §§

20  404.1523, 416.923, the ALJ's step two finding without DAA is

21  reversible error.   *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.

22  1999); *see also Lester v. Chater*, 81 F.3d 821, at (9th Cir. 1996);

23  *Smolen*, 80 F.3d at 1290; *Webb*, 433 F.3d at 688.

24      At step two, although credibility is a consideration in the

25  evaluation of medical evidence, Plaintiff's symptom exaggeration

26  (Tr. 430) does not completely negate that Plaintiff's complaints are

27  consistent with her medically determinable mental impairments which

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 10

1  are supported by objective tests and clinical observations from

2  treating and examining medical providers.  *Webb,* 433 F.3d at 688.

3  Unlike the Plaintiff in *Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th

4  Cir. 2005), there is not a total absence of objective evidence of

5  severe impairments or medical providers hesitant to conclude

6  Plaintiff's symptoms are not medically legitimate.

7        If this were the only error committed by the ALJ, the matter

8  would be remanded at this point for a new sequential evaluation

9  process without DAA.  However, Plaintiff also challenges the ALJ's

10 evaluation of the medical opinion evidence.  (ECF No. 20 at 13-19.)

11 The ALJ's primary reason for rejecting all opinions was because they

12 conflicted with the testimony of a

13 nonexamining medical expert.

14 **B.    Improper Reliance on Medical Expert Ronald Klein, Ph.D.**

15       In making her disability determination, the ALJ must consider

16 the medical evidence in the record.   20 C.F.R. §§ 404.1527(b),

17 416.927(b).  The Regulations distinguish among the opinions of three

18 types of physicians: (1) sources who have treated the claimant; (2)

19 sources who have examined the claimant; and (3) sources who have

20 neither examined nor treated the claimant, but express their opinion

21 based upon a review of the claimant's medical records.  20 C.F.R. §§

22 404.1527, 416.927.   A treating physician's opinion carries more

23 weight than an examining physician's, and an examining physician's

24 opinion carries more weight than a non-examining physician's

25 opinion.   *Benecke v. Barnhart,* 379 F.3d 587, 592  (9th Cir. 2004);

26 *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The contradicted

27 opinion of a treating or examining physician may only be rejected

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 11

1   with "specific" and "legitimate" reasons that are supported by

2   substantial evidence in the record.  *Andrews v. Shalala*, 53 F.3d

3   1035, 1043 (9th Cir. 1995).

4       Courts have upheld an ALJ's decision to reject the opinion of

5   an examining physician based in part on the testimony of a non-

6   examining medical advisor, but alone, the medical expert's testimony

7   is not substantial evidence to reject the opinion of treating or

8   examining medical providers.  *Lester*, 81 F.3d at 831.  Non-examining

9   medical advisors are highly qualified physicians and psychologists,

10  experts in the evaluation of medical issues in disability claims

11  under the Social Security Act.  *SSR* 96-6p.   However, the ALJ may

12  give weight to consulting opinions "only insofar as they are

13  supported by evidence in the case record."  *Id.*   While the opinion

14  of an expert selected by an ALJ may be helpful in his adjudication,

15  "[a] report of a non-examining, non-treating physician should be

16  discounted and is not substantial evidence when contradicted by all

17  other evidence in the record." *Gallant v. Heckler*, 753 F.2d 1450,

18  1454 (9th Cir. 1984) (internal quotation omitted).

19      At the hearing, medical expert Dr. Klein reviewed the medical

20  evidence and concluded once Plaintiff is no longer using drugs, her

21  mental impairments have little or no impact on her ability to work.

22  (Tr. 36.)  Plaintiff argues the ALJ improperly relied on the opinion

23  of Dr. Klein and erred when she found his opinion was both

24  consistent with and supported by the record.   (ECF No. 20 at 5).

25  The ALJ states, "I give significant weight to the medical opinion of

26  the medical expert, Dr. Klein....  Dr. Klein is the only expert to

27  review the whole record and his opinion is generally consistent with

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 12

the medical evidence . . . as well as claimant's work history, educational achievements, and daily activities." (Tr. 18-19.) However, nearly all of the evidence in the record actually contradicts Dr. Klein; further, his opinion is internally inconsistent.

Throughout his testimony, when asked if there are opinions in the record which conflict with his opinion, Dr. Klein repeatedly said his opinion was consistent with all opinions except that of Dr. Goodwin, an evaluating psychiatrist. (Tr. 36-37, 42, 784-788; *see also* Tr. 14, 16, 19.) While Dr. Klein found without drug use, Plaintiff's impairments were non-severe (Tr. 36), Plaintiff's treating mental health provider, Ms. Morgan, ARNP, found without DAA Plaintiff had limitations affecting her ability to work. (Tr. 547.) Ms. Morgan's report contradicts the findings of Dr. Klein and illustrates Dr. Klein's opinion is not consistent with the opinions of other medical providers[2] or with the record as a whole.

In addition to Ms. Morgan, Plaintiff was also treated by Dr. Desire and Ms. Hoey. Under the Regulations, only Dr. Desire is an

---

[2] While only Ms. Morgan is listed here, the court notes the ALJ's decision rejects the opinions of all of Plaintiff's other treating and examining providers except for Dr. Rowe. The ALJ does so on the same basis: the opinion is inconsistent with the record and inconsistent with Dr. Klein. (Tr. 19.) Because Dr. Klein's opinion is not substantial evidence and is inconsistent with the record, these rejections are improper. Further, Dr. Klein's reliance on Dr. Rowe is misplaced as is discussed below.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 13

1  "acceptable medical source."  20 C.F.R. §§ 404.1513(a), 416.913(a).

2  Ms. Morgan and Ms. Hoey are both advanced registered nurse

3  practitioners (ARNP) and are classified as "medical sources who are

4  not 'acceptable medical sources.'" *SSR* 06-03p.  Regardless, the ALJ

5  must still evaluate and weigh the opinions of both acceptable and

6  non-acceptable medical sources according to the factors set out in

7  20 C.F.R. §§ 404.1527(d), 416.927(d), including the fact of a

8  treating relationship.  *Id.*  The ALJ does not speak of Ms. Hoey.

9  The ALJ only briefly mentions Dr. Desire.[3]  (Tr. 13.)   The ALJ

10 erroneously rejects Dr. Morgan's opinion based on Dr. Klein's

11 opinion.  (Tr. 19.)   The ALJ never discusses the factors in 20

12 C.F.R. §§ 404.1527(d), 416.927(d) in the decision as required.  *See*

13 *SSR* 96-2p, 96-6p, 06-03p.

14      The only opinion the ALJ found consistent with the record is

15 that of Thomas Rowe, Ph.D.  (Tr. 16.) However, as Plaintiff points

16 out (ECF No. 20 at 11), Dr. Rowe opined Plaintiff "might be a good

17 candidate for vocational rehabilitation once she completes her

18 chemical dependency evaluation and any recommended treatment." (Tr.

19 431.)   This speculation does not support Dr. Klein's conclusion

20 Plaintiff has no limitations beyond those associated with her drug

21

22

23

24      [3] While the ALJ does mention Dr. Desire, she does so only in

25 support of her contention Plaintiff's depression is affected by her

26 drug use and does not speak of Dr. Desire's treatment otherwise.

27 (*See* Tr. 13.)

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 14

1 use.[4]   The ALJ also found Dr. Rowe's opinion "consistent with the
2 overall record that shows significant problems associated with the
3 claimant's drug use, including periods of incarceration (Ex. 7F at
4 3; 22F at 25)."   While Dr. Rowe's opinion may show Plaintiff
5 experienced significant problems associated with her drug use.[5] it
6 does not support a finding that Plaintiff does not have limitations

7

8      [4] Dr. Rowe's opinion does not support Dr. Klein.  For example,
9 Dr. Rowe, while questioning the Plaintiff's IQ score, accepts it as
10 a valid evaluation of her current functioning.  (Tr. 428.)   In
11 contrast, Dr. Klein finds not only that Plaintiff's IQ score was
12 invalid but also that Dr. Rowe agrees it is invalid.  (Tr. 36-37.)
13 Dr. Klein also stated Dr. Rowe's interpretation of Plaintiff's MMPI
14 score "fit [Plaintiff's] clinical picture quite well."  (Tr. 36.)
15 However, Dr. Rowe actually found the MMPI to be invalid based on his
16 belief Plaintiff was exaggerating her symptoms either in an "attempt
17 to derive secondary gain or as a plea for help by an extremely
18 anxious person."  (Tr. 430.)

19      [5] The record also shows Plaintiff has used marijuana, including
20 at least three times since completing drug treatment.  (Tr. 63,
21 766.)  After finding Plaintiff suffers from marijuana abuse (Tr. 13,
22 Finding 3), the ALJ focuses only on Plaintiff's treatment for
23 methamphetamine and ignores the possibility of continuing marijuana
24 abuse.   On remand, the ALJ should determine whether Plaintiff is
25 still abusing marijuana and if so, the impact that has to a
26 determination that marijuana abuse is material to Plaintiff's
27 claimed disability.

28
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 15

1  remaining after drug use.   *See* 20 C.F.R. §§ 404.1535(b)(2),

2  416.935(b)(2).

3       Dr. Klein's report is also internally inconsistent.   In

4  interrogatories sent after the hearing regarding DSHS evaluator Ann

5  McConnell's report, Dr. Klein states,

6        28F does not cause any change in opinion.  28F supports my
         testimony by noting that as the effects of drug abuse
7        diminish during those first 3 months of sobriety, mental
         function improved, cooperation and treatment compliance
8        improved.  Reported anxiety about being around 'a lot' of
         people can easily be accommodated by working in more
9        solitary jobs or groups of 2-4 persons.

10  (Tr. 785.)   This statement conflicts with Dr. Klein's testimony at

11  the hearing that Plaintiff's conditions were non-severe so long as

12  she is not using drugs.  (Tr. 40-41.)   Non-severe means there is no

13  more than a minimal impact on working abilities.   *SSR* 85-28.   A

14  limitation due to anxiety requiring either solitary or small group

15  work only is inconsistent with Dr. Klein's testimony Plaintiff has

16  no other impairments which affect her work abilities.

17       The ALJ based her rejection of nearly all other providers on

18  Dr. Klein's testimony.   However, Dr. Klein's testimony conflicts

19  with the record as a whole and is internally inconsistent.   In the

20  absence of record evidence to support it, reliance on Dr. Klein's

21  testimony to reject the opinion of all other doctors is error.

22  *Gallant*, 753 F.2d at 1454.

23  **C.    ALJ's Duty to Develop the Record**

24       Although Plaintiff bears the burden of establishing her

25  disability, the ALJ had a duty to develop the record further to the

26  extent it was incomplete before rejecting Plaintiff's claim at step

27  two.   *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).   The ALJ's

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 16

duty to supplement the claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous. *Id.; see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Here, there is continuing treatment for physical and mental impairments after Plaintiff's DAA. However, there has been no full consultative exam after DAA. If Plaintiff's condition is non-severe when she is not using drugs as the ALJ speculates, there must be evidence to support it in the form of a psychological evaluation with objective testing to show what limitations remain for Plaintiff after DAA. Even the medical expert, Dr. Klein, suggests the record may be incomplete. In discussion about Plaintiff's alleged PTSD, Dr. Klein states,

> PTSD is not established in this record. And certainly she's had a variety of stressful events happened [sic] to her.
>
> . . .
>
> But I diagnose PTSD when the record demonstrates that the diagnostic criteria of the DSM manual under PTSD has been met. And there's no place in the record where anyone goes into the page-and-a-half worth of diagnostic criteria that would establish it. So PTSD is something that, you know, theoretically possible but not established and therefore not diagnosed by name.

(Tr. 44.) Later, Plaintiff's attorney asks Dr. Klein if further testing would help. Dr. Klein replies, "I don't know that there's further testing that needs to be done. I mean, heaven knows, she's been seen by an enormous number of people and no one has ever actually documented that she meets the criteria. I, I'm drawing the conclusion that she currently doesn't." (Tr. 45.) While Dr. Klein

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 17

1 | assumes because no DSM-IV criteria list is in the record, Plaintiff
2 | does not have PTSD, this assumption is not based on substantial
3 | evidence.  Instead, Dr. Klein's statement presents an ambiguity and
4 | suggests the ALJ needed to develop the record.  The ALJ erred by
5 | failing to do so.

6 | **D.   Conclusion**

7 | A step two determination Plaintiff has a severe disability is
8 | merely a threshold determination, and Plaintiff may not succeed on
9 | her claim that she is disabled once the complete sequential
10 | evaluation is performed.  *See Hoopai v. Astrue*, 499 F.3d 1071, 1076
11 | (9th Cir. 2007); *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000);
12 | *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Kail v.
13 | Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984).  Conversely, a
14 | reasonable ALJ may find Plaintiff "disabled" without DAA upon
15 | consideration throughout the sequential evaluation process of all
16 | limitations caused by medically determinable impairments (severe and
17 | non-severe) in combination (as required by 20 C.F.R. §§ 404.1523,
18 | 416.923).  *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050,
19 | 1056 (9th Cir. 2006).  On remand, the Plaintiff may submit additional
20 | relevant medical records,[6] and the ALJ must review and weigh each
21 | opinion in the record.  Further, the ALJ must obtain a consultative

22 |

23 | [6] There is a question of whether Plaintiff has fibromyalgia.
24 | (Tr. 708.)   If medical records confirm this, the ALJ should
25 | determine whether the onset date is during the relevant period.  If
26 | warranted, the ALJ should include this impairment in the sequential
27 | evaluation.

28 | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 18

1  psychiatric evaluation without DAA.  Because the ALJ's error at step

2  two taints the entire sequential evaluation, a new sequential

3  evaluation without DAA must be done, including a new credibility

4  determination.  Accordingly,

5      **IT IS ORDERED:**

6      1.   Plaintiff's Motion for Summary Judgment **(ECF No. 19)** is

7  **GRANTED** and the matter is remanded to the Commissioner for

8  additional proceedings consistent with the decision above and

9  pursuant to sentence four of 42 U.S.C. § 405(g);

10      2.   Defendant's Motion for Summary Judgment **(ECF No. 21)** is

11  **DENIED.**

12      3.   Application for attorney's fees may be filed by separate

13  motion.

14      The District Court Executive is directed to file this Order and

15  provide a copy to counsel for Plaintiff and Defendant. Judgment

16  shall be entered for **PLAINTIFF** and the file shall be **CLOSED.**

17      DATED August 10, 2011.

18

19                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) – 19